MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 6 2002

Michael N. Milby
Clerk of Court

---

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | CASE NO. **B-02-90** |
| | § | (To be supplied by clerk) |
| v. | § | |
| | § | |
| MANUEL ESPINO-GONZALEZ, | § | |
| Movant. | § | |

---

IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE FUTURE UNDER
A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE
A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.

1. Movant's prison identification number: 94500-079

2. Place of detention, or if on parole, date of parole release:
   F.C.I. BEAUMONT MEDIUM, P.O. BOX 26040, BEAUMONT, TEXAS 77720

3. Name and location of court which sentence was imposed and
   name of judge who imposed the sentence which is now under
   attack:
   U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
   BROWNSVILL, THE HONORABLE HILDA G. TAGLE

4. Date of judgment of conviction: MAY 04, 2001

5. Case number: 1:00-CR-00511-001

6. Length of sentence: 70 MONTHS

7. Nature of offense involved (all counts):

ALIEN UNLAWFULLY FOUND TO BE IN THE UNITED STATES AFTER
DEPROATATION, IN VIOLATION OF 8 U.S.C. §§ 1326(a) (b)

8. What was your plea?          (check one)

(A) Not guilty          (   )
(B) Guilty              ( X )
(C) Nolo contendere     (   )

9. Kind of trial:              (check one)

(A) Jury                (   )
(B) Judge only          ( X )

10. Did you testify at the trial?

Yes (   )                    No( X )

11. Did you appeal from the judgment of conviction?

Yes (   )                    No( x )

12. If you did appeal, answer the following:

(A) Name of court:

(B) Result:

(C) Date of result:

13. Other than a direct appeal from the judgment of conviction
and sentence, have you previously filed any petitions, appli-
cations or motions with respect to this judgment in any
federal court?

Yes (   )                    No( X )

14. If your answer to (13) was "YES," give the following
information:

(A) (1) Name of court:

(2) Nature of proceeding:

-2-

(3) Grounds raised:

(4) Did you receive an evidentiary hearing on your petitioner, application or motion?

Yes ( )          No ( X )

(5) Result:

(6) Date of result:

(D) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.     Yes ( )     No( X )

(E) I you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

I WAS INSTRUCTED BY TRIAL COUNSEL TO SIGN A WAIVER OF MY RIGHT TO APPEAL.  COUNSEL ADMONISHED ME THAT THE COURT GENERALLY DISFAVORS APPEALS OF THE SENTENCES IT IMPOSES.  THEREFORE, NO DIRECT APPEAL OF THE ISSUE RAISED HEREIN WAS TAKEN.  I FEARED A GREATER TERM OF IMPRISONMENT THAN THAT ALREADY IMPOSED.

15. State concisely ever ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION:  IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.

(A) Ground one: WHETHER ESPINO-GONZALEZ'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED IN THAT COUNSEL FAILED TO: INVESTIGATE AND OBJECT TO FINDING IN THE PRESENTENCE REPORT (P.S.R.) OF AN AGGRAVATED-FELONY, WHICH THE COURT ADOPTED AS A FACTUAL BASIS TO IMPOSE THE ENHANCED PENALTY PROVISIONS OF

-3-

U.S.S.G. § 2L1.2(b)(1)(A) AND 8 U.S.C. § 1326(b)(2), WHEN IN
ALL ACTUALITY, THE CONVICTION RELIED UPON DOES NOT MEET THE
REQUISITE REQUIREMENT TO QUALIFY AS AN AGGRAVATED-FELONY.


Supporting FACTS (tell your story briefly without citing cases
or law):

PLEASE REFER TO THE AHERETO ANNEXED MEMORANDUM IN SUPPORT.

(B)  Ground two:




supporting FACTS (tell your story briefly without citing cases
or law):


(C)  Ground three:

Supporting FACTS (tell your story briefly without citing cases or law:

(D)   Ground four:

supporting FACTS (tell your story briefly without citing cases or law:

16.   If any of the grounds listed in 15 A, B, C, and D were not previously presented, states briefly what grounds were not so presented, and give your reasons for not presenting them:

I WAS INSTRUCTED BY TRAIL COUNSEL TO SIGN A WAIVER OF MY RIGHT TO APPEAL.  COUNSEL ADMONISHED ME THAT THE COURT GENERALLY DISFAVORS APPEALS OF THE SENTENCES IT IMPOSES.  THEREFORE, NO DIRECT APPEAL OF THE ISSUE RAISED HEREIN WAS TAKEN.  I FEARED A GREATER TERM OF IMPRISONMENT THAT THAT IMPOSED.

17.   Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes (    )                No( X )

(A)   If "YES," state the name of the court and the nature of the proceeding:

-5-

18. Give the name and address, if known, of each attorney who represented you in all stages of the judgment under attack?

REYNALDO S. CANTU, AFPD, 600 E. HARRISON ST, #102, BROWNSVILLE TEXAS 78520-7119

19. Were you sentenced on more than one count of an indictment, or more than one indictment, in the same court and at approximately the same time?   Yes( )          No( X )

20. Do you have any future sentence to serve after you complete the sentence to be served in the future:
N/A

    WHEREFORE, Movant prays that the court grant him all relief to which he may be entitled in this proceeding.

_____          _____
Signature of attorney (if any)             Signature of Movant

                                           I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                                           5/01/02
                                           _____
                                           Executed on (date)

                                           _____
                                           Signature of Movant


CERTIFICATE OF SERVICE

    Movant does hereby certify that a true and correct copy of the foregoing was duly mailed this  01  day of 2002, to the following:

    LYNN M. KIRKPATRICK, AUSA
    600E. HARRISON ST, #102
    BROWNSVILLE, TX 78520-7155

                                           _____
                                           Signature of Movant


                    -6-


8/23/01                                    F:/2255

MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

---

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | CASE NO.: _____ |
| | § | (To be supplied by the Clerk) |
| v. | § | |
| | § | |
| MANUEL ESPINO-GONZALEZ, | § | |
| MOVANT. | § | |

---

TO THE HONORABLE JUDGE OF SAID COURT:

Movant, Manuel Espino-Gonzalez (hereinafter Movant), pro-
ceeds herein pro se and with the assistance of an individual
who has had formal training in the law, and hereby timely
submits this, his motion to vacate, set aside or correct a
sentence by an individual in federal custody pursuant to 28
U.S.C. Section 2255, with a supporting Memorandum of Law, all
of which is within the proscribed one-year statute of limita-
tion of the Anti-Terrorism and Effective Death Penalty Act
(AEDPA) of 1996.

## I  STATEMENT OF JURISDICTION

The original jurisdiction of the Court over the offenses
of which Movant pled guilty was based upon a violation of the
laws of the United States, to wit: Title 8 U.S.C. §1326.  This

Court had original jurisdiction over the offenses against the United States which occurred in that district, under Title 18 U.S.C. § 3231. This Court now has jurisdiction over this post conviction motion pursuant to Title 28 U.S.C. § 2255

## II    STATEMENT OF ISSUES PRESENTED

A. Ground one: Whether Manuel Espino-Gonzalez's Sixth Amendment right to effective assistance of counsel was violated in that, counsel failed to investigate and object to finding in Presentence Report (PSR) of aggaravated-felony, which the Court adopted as a factual basis to impose the enhanced penalty provisions of U.S.S.G. § 2L1.2 (b)(1)(A) and 8 U.S.C. § 1326(b)(2), when in all actuality the conviction relied upon, Delivery of Cocaine, does not meet the requisite requirement of 8 U.S.C. § 1101(a)(43).

## III    STATEMENT OF THE CASE

The nature of the case, the course of the proceedings, and the disposition of the Court, is as follows:

A. The nature of the case was a one count indictment being returned against the Movant on December 05, 2002.

Count 1: 8 U.S.C. §§ 1326(a) & (b)(2), Illegal Re-Entry of an Alien After Previously Being Deported for an Aggravated Felony Conviction, on or about the 14th day of November, 2000.

The course of proceedings had in the Court is ahereto attached. Please refer to the ahereto annexed printout of the criminal docket in this case.

-2-

On the 4th day of May, 2001, Movant was sentenced to
Seventy months' imprisonment. A term of supervised release
of three (3) years was also Ordered.

B.  Statement of Facts

The Movant was indicted on the 5th day of December,
2000, by way of Grand Jury sitting in the Southern Dis-
trict of Texas. Specifically, Movant was charged in a One
Count Indictment.

On the 15th day of October, 1999, the Movant was con-
victed of deliver of cocaine in Cause No.: 96-CR-0454-H.
The Movant was sentenced by the 347th District Court, Corpus
Christi, Texas to six (6) months confinement. The case was
ordered to run concurrent to a conviction for possession of
a controlled substance in the 214th District Court, Corpus
Christi, Texas under Case No.: 98-CR-443-F. On the 27th
day of January, 2000, Movant was deported from the United
States through the Port of Entry at Laredo, Texas. On the
14th day of November, 2000, Movant taken into custody by the
Corpus Christi Police Department for public intoxication.
Movant was subsequently encountered by the U.S. Border Patrol
at the city jail, and indicated that he had not obtained the
consent of the Attorney General of the United States for
application for re-admission into the U.S.

On the 2nd day of May, 2001 Movant entered a plea of
guilty to the One Count Indictment.

At sentencing on the 4th day of May, 2001, without so
much as an objection by trial counsel, this Court simply
adopted the findings advanced in the PSR as a factual basis

-3-

to impose an enhanced sentence of Seventy (70) months' im-
prisonment, to be followed by Three (3) years supervised
release.

## IV   ARGUMENT AND AUTHORITIES

In his sole point on review, Movant contends that he
was denied his right to the effective assistance of counsel
guaranteed by the Sixth Amendment in that, Counsel failed to
investigate and object to a finding in the PSR of an aggra-
vated-felony conviction, Delivery of Cocaine, which the Court
used as a factual basis to impose the enhanced penalty pro-
vision of U.S.S.G. § 2L1.2(b)(1)(A) and 8 U.S.C. § 1326(b)
(2), when in all actuality, Movant's previous conviction
does not meet the requisite requirements to be considered
an aggravated-felony, as defined at 8 U.S.C. 1101(a)(43).

1.  Standard of Review

In order for a defendant to prevailon on an ineffective
assistance of counsel claim, he must satisfy a two-part test
and show that: 1) counsel's representation fell below an
objective standard of reasonableness; and 2) there is a rea-
sonable probability that but for counsel's unprofessional
errors, the result of the proceedings would have been differ-
ent.  Strickland v. Washington, 466 U.S. 668, 688 and 694,
104 S.Ct. 2052 (1984); United States v. Hoskins, 910 F.2d
309, 310 (5th Cir. 1990).  However, when counsel denies a
defendant a right to object or appeal, neither the prejudice
prong of the Strickland standard nor the harmless error an-
alysis.  See, United States v. Clark, 193 F.3d 845, 847 (5th
Cir. 1999).

-4-

There is no question that the record is sufficient for
the Court to address the issue of·ineffective assistance of
counsel, as there were no objections lodged challenging the
alleged aggravated-felony conviction advanced in the Present-
ence Report.

A.  Ground one:  Whether Espino-Gonzalez's Sixth
Amendment right to effective assistance of counsel was vio-
lated in that, counsel failed investigate and object to
finding in PSR, of aggravated-felony conviction, Delivery
of Cocaine, which the court adopted as a factual basis to
impose the enhanced penalty provisions of.U.S.S.G. § 2L1.2
(b)(1)(A and 8 U.S.C. § 1326(b)(2), when in all actuality,
Espino-Gonzalez's previous conviction did not meet the
requisite requirement of 8 U.S.C. 1101(a)(43).

1.  Standard of Review

Although Movant failed to raise this issue until now,
the sixteen-level (16) enhancement of the sentence was in
a manner that clearly runs afoul of the Constitution and con-
stitutes plain error.  See, Johnson v. United States, 520
U.S. 461, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997).

2.  Discussion and Argument

a.  Summary of Argument

Movant pled guilty to and was convicted of one count of
illegal re-entry following deprotation, in violation of 8
U.S.C. § 1326.  This Court sentenced him to Seventy (70)
months' imprisonment, followed by Three (3) years of Supervised

-5-

release.  That sentence was in accord with the recommendation
in the PSR and included a sixteen-level (16) enhancement
because Movant had a prior aggravated-felony conviction.  See,
United States Sentencing Commission, Guidelines Manual, 2L1.2
(b)(1)(A).  Counsel of record made no objection to the improper
term of imprisonment.

The guidelines provide for a Sixteen-level enhancement
to the base offense level when the defendant was previously
deported after conviction of an aggravated-felony.  U.S.S.G.
§ 211.2(b)(1)(A).  The application notes following § 2L1.2
(b)(A) states that, "aggravated-felony" is defined at 8
U.S.C. § 1101(a)(43).  U.S.S.G. § 2L1.2(b)(1)(A), comment.
(n. 1).  Turning to the relevant portion of that statute, an
"aggravated felony" includes "an offense described in para-
graph (1)(A) or of section 802 of Title 21 (relating to illicit
trafficking in a controlled substance).  8 U.S.C. § 1101(a)(43)
(B).  Further, subsection 48 of the statute states that "a
term of imprisonment or a sentence with respect to an offense
is deemed to include the period of incarceration or confine-
ment ordered by a court of law regardless of any suspension
of the imposition or execution of that imprisonment or sentence
in whole or in part."  Id. § 1101(a)(43)(B).

An "aggravated-felony" under the statute is defined in
terms of the sentence, not the criminal acts involved in the
conviction, nor in terms of the conviction itself.  The
statute however, omits crucial language in the text, making
it arguable as to whether it refers to the authorized term
of imprisonment, even if not imposed, or the term of impri-
sonment actually imposed.

-6-

The Fifth Circuit has joined its sister Circuits in holding that the statute means the sentence actually imposed. The Third Circuit is the only United States Court of Appeals found to have directly decide whether 8 U.S.C. § 1101 (a) (43) refers to the sentence authorized or the sentence imposed. The Court reasoned that, although a crucial verb was omitted, there was no evidence that Congress intended to depart from its prior position that an aggravated-felony is determined by the imposed term of imprisonment. See, 18 U.S.C. § 3559 (a); U.S.S.G. § 2L1.2. Also see, U.S. v. Graham, 169 F.3d 787 (3rd Cir. 1999). Before its amendment in 1996, the statue defined aggravated-felony as "an offense covered under this section...for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years." Graham, 169 F.3d at 790. The Court concluded that when Congress amended that statute it did not intend to change the sentence imposition requirement, but, instead, simply lowered the penalty required to make certain violations an aggravated-felony from five years to one year. 169 F.3d at 791. This Court should likewise agree with the Third Circuit's reading of § 1101(a)(43) and 18 U.S.C § 3559(a), and its reasoning and hold that an aggravated-felony [is] defined by the sentence actually imposed, and that, the application of a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) was erroneous.

Movant maintains that his sentence should be vacated because the Court erred in applying subsection (b)(1)(A) to his conviction of Delivery of Cocaine, as the term of imprisonment imposed in that case, was six months', and therefore, dose not meet the requisite "one year" language annunciated in 18 U.S.C. § 3559 or 8 U.S.C. (a)(43).

-7-

WHEREFORE, PREMISES CONSIDERED, and for the foregoing reasons, the Movant urges this Honorable Court to consider what is at stake here, a significant difference in his sentence, based on Movant's Criminal History of V, a reduction in his Offense Level from 21 to 10 would result in a sentencing range of 21 to 27 months, rather than 70 to 87 months, depending on whether his prior conviction is treated as a "felony" and enhanced as such under § 2L1.2 (b)(1)(b), or an "aggravated felony".

Respectfully submitted

Manuel Espino-Gonzalez
94500-079
Federal Correctional Complex
P.O. Box 26040
Beaumont, Texas 77720-6040

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Document was duly mailed this _σ/_ day of May, 2002, to the following:

Lynn M. Kirkpatrick, AUSA
Office of the U.S. Attorney
600 E. Harrison St, #102
Brownsville, TX 78520-7155

Manuel Espino-Gonzalez

-8-

**Page: 1**

                                                                        CLOSED

                              **U.S. District Court**
                   **TXS - Southern District of Texas (Brownsville)**

                   **CRIMINAL DOCKET FOR CASE #: 00-CR-511-ALL**

USA v. Espino Gonzalez                                          Filed: 12/05/00

Other Dkt # 1:00-m -04989

Case Assigned to:  Judge Hilda G Tagle

MANUEL ESPINO GONZALEZ (1)              Reynaldo S Cantu, Jr
aka                                         [term     05/04/01]
Jose Manuel Gonzalez                    956-548-2674 fax
        defendant                       [COR LD NTC pda]
    [term     05/04/01]                 Ass't Fed Pub Def
                                        PO Box 2163
                                        Brownsville, TX 78522-2163
                                        956-548-2573

                                        Brownsville Interpreter
                                            [term     05/04/01]
                                        [COR LD NTC ret]
                                        U S District Court
                                        P O Box 2299
                                        Brownsville, TX 78520

                                        Federal Public Defender
                                            [term     05/04/01]
                                        [COR LD NTC pda]
                                        PO Box 2163
                                        Brownsville, TX 78522-2163
                                        956-548-2573

                                        Manuel Espino Gonzalez
                                            [term     05/04/01]
                                        In Custody

Pending Counts:                                 Disposition

Ct. 1: Illegal re-entry into            CBOP 70 months, 3 yrs SRT w/o
the United States (Found In);           supervision, $100 SA
    8 USC 1326(a) and (b);              REMITTED, Fine WAIVED
Offense Date: 11/14/00;                 (1)
Penalty: 20 years and/or $250,
000 plus 3 year supervised
release term as to each count
(1)

Offense Level (opening): 4

Printed: Mar 29, 2002, 11:31am                                                                    Page

Terminated Counts:

   NONE

Complaints                                              Disposition

8:1326(a) and 1326(b)
Unlawfully re-entering into
the U.S.          after deportation.
[ 1:00-m -4989 ]

U. S. Attorneys:

   U S Probation
   FTS n
   956-548-2710 fax
   [COR LD NTC ret]
   600 E Harrison St
   No 103
   Brownsville, TX 78520-7114
   956-548-2522

   Pretrial Services - B
   FTS n
   956-548-2704 fax
   [COR LD NTC ret]
   600 E Harrison St
   Ste 202
   Brownsville, TX 78520-7149

   U S Marshal - B
   FTS n
   [COR LD NTC ret]
   600 E Harrison
   Rm 1032
   Brownsville, TX 78520

   Lynn Marie Kirkpatrick
   [COR LD NTC ret]
   Office of U S Attorney
   600 E Harrison St
   Ste 201
   Brownsville, TX 78520
   956-548-2554

   Financial Litigation
   713-718-3391 fax
   [COR LD NTC ret]
   U S Attorney's Office


   Southern District of Texas

Case 1:02-cv-00000 Document 1 Filed in TXSD on 05/06/2002 Page 17 of 22

P O Box 61129
Houston, TX 77208
713-567-9513

| 11/14/00 | -- | ARREST of Manuel Espino Gonzalez [ 1:00-m -4989 ] (oa) [Entry date 11/17/00] |
| --- | --- | --- |
| 11/15/00 | -- | COMPLAINT as to Manuel Espino Gonzalez , filed. [ 1:00-m -4989 ] (oa) [Entry date 11/17/00] |
| 11/15/00 | -- | AO 257 Information Sheet as to Manuel Espino Gonzalez , filed. [ 1:00-m -4989 ] (oa) [Entry date 11/17/00] |
| 11/15/00 | -- | CJA 23 FINANCIAL AFFIDAVIT by Manuel Espino Gonzalez , filed. [ 1:00-m -4989 ] (oa) [Entry date 11/17/00] |
| 11/15/00 | -- | Initial appearance as to Manuel Espino Gonzalez held before  Magistrate Judge John W. Black  ; Preliminary Examination  set for 2:00 11/20/00    Ct Reporter: G. Mendieta, ERO  Interpreter: S. Cortez  (Defendant informed of rights.  Deft requests apptd. counsel; AFPD apptd.  Bond set at  $50,000 CASH ) , filed. [ 1:00-m -4989 ] (oa) [Entry date 11/17/00] |
| 11/15/00 | -- | Order of Commitment as to Manuel Espino Gonzalez ; to be  committed to custody of Atty. General on 11/15/00 ( Signed  by Magistrate Judge John W. Black ), entered. [ 1:00-m -4989 ] (oa) [Entry date 11/17/00] |
| 11/15/00 | -- | ORDER Appointing Federal Public Defender for Manuel Espino  Gonzalez . Attorney Federal Public Defender added. ( Appointed by Magistrate Judge John W. Black ), entered. [ 1:00-m -4989 ] (oa) [Entry date 11/17/00] |
| 11/20/00 | -- | Waiver of Preliminary Examination or Hearing by Manuel  Espino Gonzalez , filed. [ 1:00-m -4989 ] (oa) [Entry date 11/21/00] |

| 12/5/00 | 1 | INDICTMENT as to Manuel Espino Gonzalez (1) count(s) 1 , filed. (maxg) [Entry date 12/06/00] |
|---|---|---|
| 12/5/00 | 2 | NOTICE of Setting : set Arraignment for 9:00 12/14/00 for Manuel Espino Gonzalez before Magistrate Judge John W. Black , filed. Parties ntfd. (maxg) [Entry date 12/06/00] |
| 12/14/00 | 3 | Arraignment held before Magistrate Judge John W. Black Ct Reporter: Linda Garcia, ERO Interpreter: S. Cortez App: Michael Rodriguez AUSA F/Govt Rey Cantu AFPD F/Deft Manuel Espino Gonzalez (1) count(s) 1 , filed., Plea of Not Guilty: count(s) 1, Added Attorney Reynaldo S Cantu Jr for Manuel Espino Gonzalez Waived reading of Indictment. (oa) [Entry date 12/14/00] |
| 12/14/00 | 4 | SCHEDULING ORDER setting Motion Filing deadline on 12/26/00 for Manuel Espino Gonzalez ; Motion Response deadline 1/9/01 ; Pretrial Conference for 1:30 2/1/01 ; Jury Selection for 9:00 2/5/01 for Manuel Espino Gonzalez ; before Judge Hilda G. Tagle ( Signed by Magistrate Judge John W. Black ), entered. Parties ntfd. ETT: 1 day (oa) [Entry date 12/14/00] |
| 12/14/00 | -- | Deadline updated , set Motion hearing for 9:00 1/23/01 for Manuel Espino Gonzalez before Magistrate Judge Felix Recio (oa) [Entry date 12/14/00] |
| 12/26/00 | 5 | MOTION by USA as to Manuel Espino Gonzalez for Reciprocal Discovery , filed. (maxg) [Entry date 12/27/00] |
| 12/26/00 | 6 | MOTION by Manuel Espino Gonzalez for discovery, and for inspection of evidence , filed. (maxg) [Entry date 12/27/00] |
| 12/26/00 | 7 | Excludable Delay Worksheet XE start 12/26/00 as to Manuel Espino Gonzalez , filed. (maxg) [Entry date 12/27/00] |
| 1/10/01 | 8 | RESPONSE by USA as to Manuel Espino Gonzalez re: [6-1] motion for discovery, [6-2] motion for inspection of evidence , filed. (oa) [Entry date 01/11/01] |
| 1/23/01 | 9 | Motion hearing held as to Manuel Espino Gonzalez re: granting [6-1] motion for discovery , granting [6-2] motion for inspection of evidence , granting [5-1] motion for Reciprocal Discovery; Comply to all motions by 1/29/01 @ 3 P.M. as to Manuel Espino Gonzalez (1) before Magistrate Judge Felix Recio Ct Reporter: G. Mendieta, ERO Interpreter: S. Cortez App: L. Kirkpatrick AUSA F/Govt R Cantu AFPD F/Deft , filed. Notes: ETT 1 day; 5 Govt Witnesses; 1 Expert; 0 Defense Witnesses. Possible plea before Judge Tagle on 1/29/01 @ 9 A.M. (oa) [Entry date 01/24/01] |
| 1/29/01 | 10 | CONSENT TO ADMINISTRATION OF GUILTY PLEA AND FED.R.CRIM.P. 11 ALLOCUTION BY UNITED STATES MAGISTRATE JUDGE by Manuel Espino Gonzalez , filed. (oa) [Entry date 01/29/01] |
| 1/29/01 | 11 | Re-Arraignment held before Magistrate Judge John W. Black Ct Reporter: Linda Garcia, ERO App: Lynn Kirkpatrick AUSA F/Govt Rey Cantu AFPD F/Deft Manuel Espino Gonzalez (1) , filed., Plea of Guilty: count(s) 1 ( No plea agreement. ) (oa) [Entry date 01/29/01] |
| 1/29/01 | 12 | ORDER for Disclosure of PSI , PSI completion by 3/14/01 for Manuel Espino Gonzalez , Objection to PSI due 3/28/01 , Final PSI due 4/10/01 , Sentencing set for 9:00 5/4/01 for Manuel Espino Gonzalez before Judge Hilda G. Tagle ( Signed by Magistrate Judge John W. Black ), entered. Parties ntfd. (oa) [Entry date 01/29/01] |

| 3/19/01 | 13 | STATEMENT of No Objections to Presentence Investigation Report by USA as to Manuel Espino Gonzalez , filed. (oa) [Entry date 03/20/01] |
| 3/28/01 | 14 | STATEMENT of No Objections to Presentence Investigation Report by Manuel Espino Gonzalez , filed. (oa) [Entry date 03/28/01] |
| 4/12/01 | 15 | FINAL PRESENTENCE INVESTIGATION REPORT (Sealed) as to Manuel Espino Gonzalez , filed. (oa) [Entry date 04/12/01] |
| 4/12/01 | 16 | SEALED Confidential Sentencing Recommendation regarding Manuel Espino Gonzalez to the Court, filed and placed in vault. (oa) [Entry date 04/12/01] |
| 5/2/01 | 17 | REPORT AND RECOMMENDATIONS of Magistrate Judge John W. Black as to Manuel Espino Gonzalez Re: Guilty Plea ; Objections to R and R due by 5/12/01 , entered. Parties ntfd. (oa) [Entry date 05/02/01] |
| 5/2/01 | 18 | ORDER OF REFERRAL to Magistrate Judge Black for the purpose of administering the plea of guilty, subject to final approval and imposition of sentence by this Court ( Signed by Judge Hilda G. Tagle ), entered. Parties ntfd. (oa) [Entry date 05/02/01] |
| 5/2/01 | 19 | MOTION by Manuel Espino Gonzalez for downward departure , filed. (oa) [Entry date 05/02/01] |
| 5/4/01 | 20 | ORDER ADOPTING Mag. Judge's [17-1] report and recommendations; Court accepts Deft's plea of guilty as to Manuel Espino Gonzalez ( signed by Judge Hilda G. Tagle ), entered. Parties ntfd. (oa) [Entry date 05/08/01] |
| 5/4/01 | 21 | Sentencing held before Judge Hilda G. Tagle Ct Reporter: Breck Record Interpreter: Karen Pena App: Lynn Kirkpatrick AUSA F/Govt Rey Cantu AFPD F/Deft Manuel Espino Gonzalez (1) Deft's Motion for downward Departure (Dkt #19) Denied. Deft allowed to allocute. Sentence: count(s) 1 - CBOP 70 months, 3 yrs SRT w/o supervision, $100 SA REMITTED, Fine WAIVED , filed. Deft not to return to US unlawfully. Court adopts PSI findings. Deft advised of rights to appeal. US Probation Officer: Luis Lopez (oa) [Entry date 05/08/01] |
| 5/7/01 | 22 | STATEMENT of Non-Appeal by Manuel Espino Gonzalez , filed. (oa) [Entry date 05/08/01] |
| 5/17/01 | 23 | JUDGMENT as to Manuel Espino Gonzalez (1) count(s) 1 ( Signed by Judge Hilda G. Tagle ), entered. Parties ntfd. (oa) [Entry date 05/18/01] |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

UNITED STATES OF AMERICA

§
§
§
vs §
§  CRIMINAL NO **B - 00 - 511**
MANUEL ESPINO-GONZALEZ §
Also Known As: JOSE GONZALEZ §
Also Known As: SERVINO VASQUEZ §

## I N D I C T M E N T

THE GRAND JURY CHARGES:

On or about November 14, 2000, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

**MANUEL ESPINO-GONZALEZ**
**Also Known As JOSE GONZALEZ**
**Also Known As SERVINO VASQUEZ,**

an alien who had previously been denied admission, excluded, deported, and removed, after having been convicted of an aggravated felony, knowingly and unlawfully was present in the United States having been found in Nueces County, Texas, the said defendant having not obtained the consent of the Attorney General of the United States for reapplication by the defendant for admission into the United States.

In violation of Title 8, United States Code, Section 1326(a) and 1326(b).

A TRUE BILL:

_____
FOREMAN OF THE GRAND JURY

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

LYNN M. KIRKPATRICK
Assistant United States Attorney

AO 245B (Rev. 6/96) Judgment in a Criminal Case

# United States District Court
## Southern District of Texas

United States District Court
Southern District of Texas
FILED

**MAY 1 7 2001**

Michael N. Milby
Clerk of Court

Holding Session in **Brownsville**

**UNITED STATES OF AMERICA**

v.

**MANUEL ESPINO-GONZALEZ**
**aka: Jose Gonzalez**
**aka: Servino Vasquez**

☐ See Additional Aliases - Sheet

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:00CR00511-001**

**Reynaldo S. Cantu**
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) _1 on 01/29/01_

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. §§ 1326(a) and 1326(b) | Alien unlawfully found in the United States after deportation having been previously convicted for an aggravated felony. | 11/14/2000 | 1 |

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through **_5_** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: **None**

Defendant's Date of Birth: _1/29/1971_

Defendant's USM No.: _94500-079_

**Defendant's Residence Address:**
Ixmiquipan Hidodego # 42300

Mexico, D. F.

Mexico

**Defendant's Mailing Address:**
Ixmiquipan Hidodego # 42300

Mexico, D. F.

Mexico

May 4, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

**HILDA G. TAGLE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

_5/17/01_
Date

MJG(scb)

(85) Imprisonment

**DANT:**    **MANUEL ESPINO-GONZALEZ**                                           Judgment - Page  2  of  5

**NUMBER: 1:00CR00511-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

months.

☐ See Additional Imprisonment Terms - Sheet

☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ _____ on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ by 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy U.S. Marshal

**NOTE:  U.S. Marshal - This is 1 of _____ Judgments.