United States District Court
Southern District of Texas
FILED

JUN 0 3 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ESPINO-GONZALEZ, | § | |
| Movant, | § | C.A. NO. B-02-090 |
| | § | |
| v. | § | |
| | § | (Cr. No. B-00-511) |
| UNITED STATES OF AMERICA, | § | |
| Respondent, | | |

MOTION FOR EVIDENTIARY HEARING ON
MOVANTS HABEAS CORPUS MOTION

TO THE HONORABLE JUDGE OF THE SAID COURT:

Movant Manuel Espino-Gonzalez (hereinafter "Movant"), proceeds herein pro se and, with the assistance of an individual who has had formal training in the law, and respectfully urges this Honorable Court to conduct an evidentiary hearing on his Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.A. § ("Habeas Corpus Motion"). In support of this request, the Movant respectfully refers this Court to the Arguments and authorities set forth in his Memorandum of Law in Support of His Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.A. § 2255 ("Memorandum in Support of Habeas Corpus Motion"), and further states:

1. 28 U.S.C.A. § 2255 provides, in pertinent part, that "[u]nless the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served

upon the United States attorney, [and] grant a prompt hearing thereon. . ."

2. the Fifth Circuit will uphold a district court's decision to deny a movant an evidentiary hearing where the allegations proffered by the movant, if true would not entitle him or her to relief, the allegations contradict the record or are "inherently incredible" U.S. v. McGill, 11 F.3d 223, 226 (1st Cir. 1993).

3. In the instant case, the allegations proffered by the Plaintiff entitle him to habeas corpus relief, do not contradict the record nor are they "inherently incredible." Rather, the arguments contained in the Motion and the Memorandum in Support of his Habeas Corpus Motion identify important issues of fact that were not fully developed at the Plaintiff's sentencing hearing. See Roswald v. U.S., 898 F2d 585, 588 (7th Cir. 1990) (holding that evidentiary hearing should be granted where pivotal issues of fact not fully developed at trial exist).

4. An evidentiary hearing is necessary to investigate whether Movant was denied his right to the effective assistance of counsel guaranteed by the Sixth Ammendment to the Constitution of the United States in that, counsel failed to investigate and object to a finding in the Presentence Report of an aggravated felony conviction, Delivery of Cocaine, which the court used as a factual basis to impose the enhanced penalty provision of U.S.S.G. § 2L1.2(b)(1)(A) and 8 U.S.C. § 1326(b)(2), when in all actuality, Movant's previous conviction does not meet the requisite requirements to be considered an aggravated-felony, as defined at 8 U.S.C. 1101(a)(43).

5. Therefore, Movant respectfully urges this Honorable Court to grant him an evidentiary hearing on his Habeas Corpus Motion.

                                              Respectfully submitted,

                                              *Manuel Espino*
                                              Manuel Espino-Gonzalez
                                              94500-079
                                              Federal Correctional Complex
                                              P.O. Box 26040
                                              Beaumont, Texas 77720-6040

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Document was duly mailed this ____ day of May, 2002, to the following:

Lynn M. Kirkpatrick, AUSA
Office of the U.S. Attorney
600 E. Harrison St, #102
Brownsville, Texas 78520-7155

                                              *Manuel Espino*
                                              Manuel Espino-Gonzalez