5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| MANUEL ESPINO-GONZALEZ, | § | |
| Petitioner-Defendant, | § | JUL 1 2 2002 |
| | § | Michael N. Milby |
| v. | § | (CA B-02-090) Clerk of Court |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff. | § | |
| (CR B-00-511) | § | |

## GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. §2255

### 1.

The Court ordered the government to respond to Petitioner's, Manuel Espino-Gonzalez (hereinafter referred to as "Espino"), motion under 28 U.S.C. §2255 filed on May 6, 2002 by July 15, 2002. The government files this reply along with ordered transcripts of Espino's re-arraignment and sentencing. The government moves to dismiss and, in the alternative, moves for summary judgment.

### 2.

The government denies each and every allegation of fact made by Espino, except those supported by the record and those specifically admitted herein, and demands proof thereof.

3.

## STATEMENT OF THE CASE

On October 15, 1999 Espino was convicted in state district court of 'delivery of cocaine' and 'possession of cocaine', each aggravated felonies, arising out of two separate transactions, and was sentenced to six months imprisonment (PSR 22, 23). He was released two months later, and on January 27, 2000, he was deported to Mexico, his country of birth (PSR 4). On November 14, 2000, Espino was encountered by Border Patrol in a Corpus Christi jail. He readily admitted that he had been deported and had illegally re-entered the United States. On December 5, 2000, Espino was indicted in the Southern District of Texas, Brownsville Division, in CR B-00-511, and charged with illegal entry following deportation in violation of 8 U.S.C. §§1326(a) and ( b) (DOC 1). He entered a guilty plea to the indictment on January 29, 1999 without the benefit of a plea agreement (1 R. 11; Re-arr. Trans. P. 8).

The probation department scored Espino at base offense level 8 under U.S.S.G. §2L1.2, increased by 16 levels as a result of two prior separate drug convictions for an adjusted offense level 24. A three-level downward adjustment for timely acceptance of responsibility concluded in a total offense level of 21. Espino's extensive criminal history, resulted in 11 criminal history points and a

2

criminal history category of V, bearing a punishment range of 70 to 87 months imprisonment (PSR, ¶¶2-59).

Espino did not object to the PSR.   He sought a downward departure based upon the over-representation of his criminal history(DOC. 19; Sent. P. 4).

At sentencing held on May 4, 2001, the court denied the motion for downward departure.  The court adopted the PSR and sentenced Espino to seventy (70) months imprisonment followed by a three-year supervised release term.  He was also ordered to pay $100.00 in a mandatory cost assessment (DOC. 19, 21).

Espino did not directly appeal.

On May 6, 2002, Espino filed the instant post-conviction pleading under 28 U.S.C. §2255.  The government moves to dismiss.

4.

**ALLEGATIONS**

In his motion of May 6, 2002, Espino brings a single complaint that trial counsel rendered 'ineffective assistance' by failing to contest the finding that his two cited drug convictions for delivery and possession of cocaine represent "aggravated felonies" under 8 U.S.C. §1101(a)(43).

5.

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996).  Espino is currently incarcerated.  He seeks

3

federal habeas corpus relief pursuant to 28 U.S.C. §2255 from his conviction in the Brownsville Division of the Southern District of Texas. A §2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.* He seeks relief from his conviction and sentence, and the relief sought under §2255 is appropriate.

6.

The underlying facts of the case are set forth above.

7.

The four grounds justifying relief under 28 U.S.C. §2255 are: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. §2255 (2000). Thus, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346 , 94 S.Ct.

2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 167-168, 102 S.Ct. 1584, 1594 [1982]). Once the direct review process has been terminated, a presumption of finality attaches and the conviction is reviewable only on issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill*, 368 U.S. at 428, 82 S.Ct. at 471). If a claim of constitutional or jurisdictional dimension is raised, it is reviewable for the first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice. *Id.* On the other hand, "[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).

To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see Frady*, 456 U.S. at 167-68, 102 S.Ct. at 1594; or (2) that he is actually innocent. *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must

demonstrate that, in light of all the evidence, it is more likely than not that no [fact finder] would have convicted him." *Id.* (citations and quotations omitted). The "cause" alleged by Espino was a warning by defense counsel that appealing could result in a higher sentence.

8.

To establish ineffective assistance of counsel, the §2255 petitioner must allege and prove: (1) that his counsel's performance was deficient; and (2) that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *United States v. Walker*, 68 F. 3d 931, 934 (5ᵗʰ Cir. 1995); *see also Glover v. United States*, 531 U.S. at 198, 202-04, 121 S.Ct. 696, 700-01(2001)(discussing factors to consider in evaluating claim to demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable. *Walker,* 68 F. 3d at 934. Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *accord Glover*, 531 U.S. at 204, 121 S.Ct. at 701 (citing, *inter alia, Strickland)*. Significantly, the petitioner making the claim of ineffective assistance must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement. *Strickland,* 466 U.S. at 690, 104 S.Ct. at

2066. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods*, 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'")(quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064).

A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987).

a. <u>Sentencing errors</u>

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to

7

which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838,

843-844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Espino demonstrates that his counsel provided constitutionally infirm

representation, Espino must also demonstrate prejudice. Generally, Espino must

establish that but for counsel's errors his sentence would be "significantly less

harsh". *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993)(Spriggs set out exception

when "specific demonstrable enhancement" results, then any increase satisfies

prejudice prong).   Accordingly,  within the "constrained discretion" of the

Sentencing Guidelines, Espino need not demonstrate that, absent the error, his

sentence would have been "significantly less harsh", he must yet demonstrate

prejudice. "Authority does not suggest that a minimal amount of additional time in

prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests

that any amount of actual jail time has Sixth Amendment significance". *Glover v.

United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001); *Daniel v. Cockrell*, 283

F.3d 697, 707 n.17(5th Cir. 2002)(suggesting that in 'constrained discretionary'

Sentencing Guidelines, *Glover& Spriggs* exception applies).

9.

A.   <u>"Aggravated Felony" under §2L1.2 (2000) and 8 U.S.C. §1101(a)(43)</u>

"The term "aggravated felony" under §2L1.2 by reference to 8 U.S.C.

§1101(a)(43) means [includes]--

(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)", which states: "For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)".... "The term applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years. Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after September 30, 1996".

This Circuit has found that state felony controlled substance violations are "aggravated felonies" under 8 U.S.C. §1101(a)(43). *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997); *United States v. Ortegon-Uvalde*, 179 F.3d 956, 957 (5th Cir. 1999).

Espino's subject prior convictions are each felonies under Texas law and are otherwise punishable as "controlled substance" violations under 21 U.S.C. §801, et. seq.

Under VERNON's TEXAS STATUTES and CODE ANNOTATED: Health and Safety Code, Title 6 - Food, Drugs, Alcohol, and Hazardous Substances, Subtitle C - Substance Abuse Regulation and Crimes, Chapter 481. Texas Controlled Substances Act, Subchapter D. Offenses and Penalties:

§481.112. Offense: Manufacture or Delivery of Substance in Penalty Group 1[1]

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1. (b) An offense under Subsection (a) is a state jail **felony** if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, less than one gram. (c) An offense under Subsection (a) is a **felony** of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams. (d) An offense under Subsection (a) is a **felony** of the first degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams. (e) An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 200 grams or more but less than 400 grams. (f) An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 400 grams or more.

---

[1] Under VTAC §481.102 cocaine is deemed a "Penalty Group I" drug.

Case 1:02-cv-00090    Document 5    Filed in TXSD on 07/12/2002    Page 11 of 15


Under §481.115 of the same subchapter, Espino's cocaine possession conviction is likewise a felony controlled substance violation.

> §481.115. Offense: Possession of Substance in Penalty Group 1
>
> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice. (b) An offense under Subsection (a) is a state jail **felony** if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram. (c) An offense under Subsection (a) is a **felony** of the third degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams. (d) An offense under Subsection (a) is a **felony** of the second degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams. (e) An offense under Subsection (a) is a **felony** of the first degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, 200 grams or more but less than 400 grams. (f) An offense under Subsection (a) is punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000, if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, 400 grams or more.

Espino argues that "aggravated felonies" are determined by the sentence actually received. As he received only six months imprisonment for his "aggravated felonies", Espino argues that they can not be considered felonies.

Espino relies upon dicta in a Third Circuit case, *United States v. Graham*, 169 F.3d 787 (3rd Cir. 1999), which ultimately holds contrary to Espino's argument. The dicta in *Graham* related to a discussion regarding whether a "theft offense" qualified as an aggravated felony.

Under §1101(a)(43)(G), an "aggravated felony" includes a "theft offense (including receipt of stolen property) or burglary offense **for which the term of imprisonment at least one year**". So, in order for a theft offense to qualify as an "aggravated felony", a minimum actual sentence must have been assessed. However, controlled substance violations do not require a minimum sentence to qualify as "aggravated felonies". So, the basis of Espino's argument is distinguishable from the instant case and therefore, has no application here.

Espino's complaint results from a misunderstanding of the law on his part. Espino has failed to demonstrate the performance of his trial counsel was at all deficient. He, thus, fails in his burden to demonstrate deficient performance and resultant prejudice.

10.

No evidentiary hearing is necessary to resolve issues presented. *United States v. Samuels*, 59 F.3d 526, 530 and ns.16-17 (5th Cir. 1995)(citations omitted); *United States v. Bartholomew*, 974 F.2d 39,41-42 (5th Cir. 1992). Espino alleges no facts

which would warrant an evidentiary hearing under 28 U.S.C. §2255. Therefore, the government moves for dismissal, or in the alternative, summary judgment.

CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Espino' §2255 petition be dismissed or, in the alternative, be subject to summary dismissal.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Division
Assistant United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas, 78520
Texas Bar No. 06070500
Federal Bar No. 9314
(956) 548-2554

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, JULY _/2_, 2002, addressed to:

Manuel Espino Gonzalez
# 94500-079
P.O. Box 26040
Beaumont, TX 77720-6040

                                                   Mark M. Dowd
                                                   Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ESPINO-GONZALEZ, | § | |
|    Petitioner-Defendant, | § | |
| | § | |
| v. | § | (CA B-02-090) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent-Plaintiff. | § | |
|    (CR B-00-511) | § | |

### ORDER

The Court, having considered Espino' motion to vacate sentence under 28 U.S.C. § 2255 and the government's answer, concludes that dismissal is warranted. The complaint concerning trial counsel is legally unfounded. Furthermore, no prejudice is shown. Dismissal is warranted and recommended.

DONE this _____ day of _____, 2002 at Brownsville, Texas.

_____
UNITED STATES MAGISTRATE JUDGE