

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 0 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| MANUEL ESPINO-GONZALEZ, § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | CIVIL ACTION NO. B-02-090 <br> CRIMINAL NO. B-00-511 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Manuel Espino-Gonzalez has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On October 15, 1999, Petitioner Espino-Gonzalez was convicted in state district court of "delivery of cocaine" and "possession of cocaine," which are aggravated felonies for immigration purposes. The convictions arose out of two separate transactions and Espino-Gonzalez was sentenced to six months imprisonment. Petitioner was released two months later, and on January 27, 2000, he was deported to his native country of Mexico. On November 14, 2000, Petitioner was encountered by Border Patrol in a Corpus Christi jail. He readily admitted that he had been deported and had illegally re-entered the United States. On December 5, 2000, Espino-Gonzalez was indicted in the Southern District of Texas, Brownsville Division, in Criminal Case Number B-00-511. He was charged with having been denied admission, excluded, deported, and removed following the conviction of an aggravated felony in violation of 8 U.S.C. § 1326 (a, b).

1

On January 29, 1999, Espino-Gonzalez entered a plea of guilty to the indictment without a written plea agreement. The court accepted the Petitioner's plea.

The probation department scored Espino-Gonzalez at base offense level eight, pursuant to the United States Sentencing Guidelines (USSG), § 2L1.2(a). A 16-level increase under USSG § 2L1.2(b)(1)(A) was implemented because Espino-Gonzalez had two prior drug convictions. His adjusted offense level was reduced by three-levels for timely acceptance of responsibility, giving him a total offense level of 21. Espino-Gonzalez's prior criminal history placed him in Criminal History Category V, bearing a punishment of 70 to 87 months imprisonment. No objections were lodged against the PSR. Petitioner did seek a downward departure based upon the over-representation of his criminal history.

On May 4, 2001, the district court denied the Petitioner's motion for a downward departure. The court then adopted the PSR and sentenced Espino-Gonzalez to a 70-month term of imprisonment followed by a three-year supervised release term. He was also ordered to pay a $100 special cost assessment.

Espino-Gonzalez did not directly appeal his conviction. On May 6, 2002, however, he filed the instant post-conviction pleading under 28 U.S.C. § 2255. The government has filed a motion to dismiss.

## ALLEGATION

In his motion of May 6, 2002, Espino-Gonzalez brings a single complaint that trial counsel rendered "ineffective assistance" by failing to contest the finding that his two cited drug convictions for delivery and possession of cocaine represent "aggravated felonies" under 8 U.S.C. § 1101(a)(43).

## LEGAL STANDARD – INEFFECTIVE ASSISTANCE OF COUNSEL

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[1]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[2] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[3] The courts are extremely deferential in scrutinizing the

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[2] See Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Darden v. Wainwright, 477 U.S. 168, 184 (1986); Strickland v. Washington, 466 U.S. at 687-88; Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997); Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, 507 U.S. 1056 (1993); and Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992), cert. denied, 504 U.S. 992 (1992).

[3] See Strickland v. Washington, 466 U.S. at 687-91; Jones v. Cain, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); Green v. Johnson, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997), cert. denied, 523 U.S. 1099 (1998); Belyeu v. Scott, 67 F.3d 535, 538 (5th Cir. 1995), cert. denied, 517 U.S. 1144 (1996); Duff-Smith v. Collins, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance

3

performance of counsel and make every effort to eliminate the distorting effects of hindsight.[4] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[5] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[6] Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which

---

and resultant prejudice. See Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993); Martin v. Maggio, 711 F.2d 1273, 1279 (5th Cir. 1983), cert. denied, 469 U.S. 1028 (1984).

[4] See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Burger v. Kemp, 483 U.S. 776, 789 (1987); Strickland v. Washington, 466 U.S. at 689; United Stats v. Drones, 218 F.3d 496, 500-03 (5th Cir. 2000); Carter v. Johnson, 131 F.3d at 463; Williams v. Cain, 125 F.3d 269, 276 (5th Cir. 1997), cert. denied, 525 U.S. 859 (1998); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997); United States v. Gaudet, 81 F.3d 585, 592 (5th Cir. 1996); and Belyeu v. Scott, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, see Westley v. Johnson, 83 F.3d 714, 723 (5th Cir. 1996), cert. denied, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. See Williams v. Cain, 125 F.3d at 276, citing Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994), cert. denied, 513 U.S. 960 (1994).

[5] See Strickland v. Washington, 466 U.S. at 690; and Duff-Smith v. Collins, 973 F.2d at 1182.

[6] See Jones v. Jones, 163 F.3d 285, 300 (5th Cir. 1998), cert. denied, 528 U.S. 895 (1999); Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997), cert. denied, 522 U.S. 944 (1997); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); Boyle v. Johnson, 93 F.3d 180, 187-88 (5th Cir. 1996), cert. denied, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); West v. Johnson, 92 F.3d 1385, 1406-09 (5th Cir. 1996), cert. denied, 520 U.S. 1242 (1997) (ruling that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994), citing Strickland v. Washington, 466 U.S. at 691; and Andrews v. Collins, 21 F.3d at 623 (deciding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

could be classified as non-frivolous.[7] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[8] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[9]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[10] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[11] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[12] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a

---

[7] See Neal v. Cain, 141 F.3d 207, 214-15 (5th Cir. 1998) (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1992), cert. denied, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required; nor does it contemplate the employment of wholly unlimited time and resources"); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[8] See Sharp v. Johnson, 107 F.3d 282, 290 n.28 (5th Cir. 1997), citing Garland v. Maggio, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). See also Lackey v. Johnson, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[9] See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); Jones v. Jones, 163 F.3d at 303.

[10] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

[11] Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2067.

[12] Id.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[13] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[14]

Given the language of *Strickland* itself, the test applies to the conduct of counsel both in preparation for and at trial.[15] An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance.[16] The extent of an attorney's investigation into an area must be viewed in the context of the defendant's cooperation with the attorney's investigation and with a heavy measure of deference to counsel's judgments.[17]

Due to the fact that a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it

---

[13] See Williams v. Taylor, 529 U.S. at 391; Strickland v. Washington, 466 U.S. at 694.

[14] See Williams v. Taylor, 529 U.S. at 393 n.17; Strickland v. Washington, 466 U.S. at 692.

[15] See, e.g., Martin v. McCotter, 796 F.2d 813, 816-17 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987) (holding that the *Strickland* test applied to both the trial and sentencing phases of a criminal proceeding); and Nealy v. Cabana, 764 F.2d 1173, 1178-80 (5th Cir. 1985).

[16] See Moore v. Johnson, 194 F.3d 586, 608 & 616 (5th Cir. 1999); and Bryant v. Scott, 28 F.3d at 1435.

[17] See Carter v. Johnson, 131 F.3d at 463; and Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995), cert. denied, 515 U.S. 1108 (1995) (ruling that trial counsel was not ineffective for failing to investigate the validity of the defendant's prior conviction where the defendant was aware that the prior conviction had been reversed but failed to disclose same to his counsel and, instead, instructed his counsel to cease investigation into the matter so as to expedite the defendant's entry of a guilty plea). However, an attorney who is aware of potential mitigating evidence is obligated to investigate the existence of such evidence beyond merely communicating with the defendant. Ransom v. Johnson, 126 F.3d at 723.

unnecessary to examine the other prong.[18] Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[19] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[20] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[21]

## ANALYSIS

In the context of sentencing errors, the Petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the Petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the

---

[18] See Strickland v. Washington, 466 U.S. at 700; Ransom v. Johnson, 126 F.3d at 721; Green v. Johnson, 116 F.3d at 1122; United States v. Seyfert, 67 F.3d 544, 547 (5th Cir. 1995); and Armstead v. Scott, 37 F.3d at 210. See also Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[19] See United States v. Hoskins, 910 F.2d 309, 311 (5th Cir. 1990); and Thomas v. Lynaugh, 812 F.2d 225, 229-30 (5th Cir. 1987), cert. denied, 484 U.S. 842 (1987).

[20] See Black v. Collins, 962 F.2d at 401; Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987); and Martin v. McCotter, 796 F.2d 813, 821 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987).

[21] See Kinnamon v. Scott, 40 F.3d 731, 735 (5th Cir. 1994), cert. denied, 513 U.S. 1054 (1994); Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Russell v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir. 1989), cert. denied, 501 U.S. 1259 (1991); United States v. Woods, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and Ross v. Estelle, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."[22]

Even if Espino-Gonzalez demonstrates that his counsel provided constitutionally infirm representation, he must also demonstrate prejudice. Generally, Espino-Gonzalez must establish that but for counsel's errors his sentence would be "significantly less harsh."[23] In this case, Espino-Gonzalez can not demonstrate prejudice. Petitioner argues that "aggravated felonies" are determined by the sentence actually received. However, controlled substance violations do not require a minimum sentence to qualify as "aggravated felonies." Espino-Gonzalez's misunderstanding of the law does not entitle him to relief in this case.

## RECOMMENDATION

At the very least, Espino-Gonzalez's trial counsel provided him "reasonably effective assistance."[24] Therefore, Petitioner's application for relief pursuant to 28 U.S.C. Section 2255 should be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[22] Goodwin v. Johnson, 132 F.3d 162, 174 (5th Cir. 1997).

[23] Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993).

[24] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d at 700.

court, provided that the party has been served with notice that such consequences will result from a failure to object.[25]

DONE at Brownsville, Texas, this 4th day of August, 2002.

Felix Recio
United States Magistrate Judge

---

[25] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).